UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: LARRY D. PERRYMAN &     Case Number: 13-47436 WSD
ELLA LOUISE PERRYMAN     Chapter 13
    Judge SHAPERO

Debtors.
_____/

LARRY D. PERRYMAN &
ELLA LOUISE PERRYMAN

Plaintiffs,

v.     Adversary Case No.

JPMORGAN CHASE BANK, N.A. AS
SUCCESSOR IN INTEREST TO
WASHINGTON MUTUAL BANK, FA,
AND ALL ASSIGNS,

Defendants.
_____/

**COMPLAINT TO DETERMINE THE EXTENT OF THE LIEN OF JPMORGAN CHASE BANK, N.A. AS SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK, FA, AND ALL ASSIGNS**

Now come Plaintiffs herein, Larry D. & Ella L. Perryman, by and through their Counsel, Acclaim Legal Services, PLLC, and move this Honorable Court as follows:

1. Jurisdiction of this matter is conferred on the court by 28 U.S.C. 1334(b).
2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K).
3. Venue is proper pursuant to 28 U.S.C. 1409(b).
4. Plaintiffs filed a Chapter 13 Petition on April 11, 2013.
5. An amended proposed Chapter 13 Plan was filed which proposes to strip the unperfected lien of JPMorgan Chase Bank, N.A. (hereinafter "Defendant") from the collateral commonly known as 16600 Bramell, Detroit, MI 48219, treating its claim as wholly unsecured.
6. PNC Bank has a first priority mortgage on the property.
7. Defendant(s) has a mortgage on the above described real property in the face amount of $50,000.00, dated September 16, 2003. Defendant(s) has failed to record the mortgage with the Wayne County Register of Deeds.
8. That 11 U.S.C. 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extent that its interest is less than the amount of its allowed secured claim.
9. The value of the Plaintiffs' interest in the collateral is approximately $ 6,000.00 (See Plaintiffs' Exhibit E – Home Appraisal).

10. The interest of the first mortgagee is approximately $8,840.17 (See proof of claim #7 filed in lead bankruptcy case #13-47436).
11. There is no remaining interest in the estate's interest in the property to which the lien of Defendant(s) can attach.
12. Property interests are controlled by state law. *Butner v. U.S.*, 440 U.S. 48 (1979). Conveyances of real property in Michigan are governed by M.C.L. § 565.1, et seq.
13. A transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee. . . . 11 U.S.C. § 547(e)(1)(A); *See also, In re Schmiel (Gold v Interstate Financial Corp.)*, 362 B.R. 802, 811 (Bankr. E.D. Mich. 2007).
14. Michigan law does not explicitly define perfection. Rather, Michigan law states that, without recording, an instrument which transfers an interest in real property "shall be void as against any subsequent purchaser in good faith and for reasonable consideration." M.C.L. § 565.29. In other words, recording is the act by which a secured creditor perfects its interest in real property. However, perfection can only occur if the instrument has first been recorded.
15. Under MI law, recording occurs when a secured party files an instrument transferring an interest in property with the register of deeds of the county where the property is located, and that instrument contains certain specified information.
16. The collateral securing Defendant's mortgages is located in Wayne County.
17. Defendant(s) has failed to record the subject mortgage with the Wayne County Register of Deeds.

**WHEREFORE**, the Plaintiffs pray that this Court enter an Order as follows:

A. That a mortgage in the face amount of $50,000.00, dated September 16, 2003, shall be stripped and discharged from the following described premises:

Land situated in City of Detroit, County of Wayne, State of Michigan, described as:

LOT 169, REDFORD HIGHLANDS SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN LIBER 33, PAGE 74 OF PLATS, WAYNE COUNTY RECORDS.
Tax ID: 22117708

Commonly known as: 16600 Bramell, Detroit, MI 48219

B. That upon discharge of the Plaintiffs' bankruptcy case, the Defendant(s) or subsequent assignee shall comply with L.B.R. 2015-5(a)(3)(A)(E.D.M.) and provide to the Plaintiffs a release, termination statement, discharge of mortgage, or other appropriate certificate suitable for recording to effectuate a release of the lien.

C.     That upon discharge of the Plaintiffs' bankruptcy case, the Order to Determine the Extent of a Lien Concerning Real Property may be recorded with the Wayne County Register of Deeds to discharge the mortgage and release the lien held by Defendant(s) in the face amount of $50,000.00, dated September 16, 2003.

D.     That if the Plaintiffs fail to complete the Chapter 13 plan and obtain a Chapter 13 discharge order in the bankruptcy case, this Order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Plaintiffs either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

Dated: January 29, 2014

/s/ *William D. Johnson*
William D. Johnson (P54823)
Attorney for Debtor
8900 E. 13 Mile Rd.
Warren, MI 48093
248-443-7033
filing@acclaimlegalservices.com